[Crim. No. 571.   In Bank.—September 29, 1899.]

.Ex parte ANNIE KLINE RICKERT, on Habeas Corpus.

CONTEMPT—ACTS NOT DONE IN VIEW OF COURT—ABSENCE OF AFFIDAVIT
AND CITATION—HABEAS CORPUS.—An imprisonment for a contempt
of court, consisting in instructing a witness not to produce in
court certain books which he had been ordered to produce, and
in doing other acts to prevent their production, where none of
the acts done were in the immediate view and presence of the
court, or of the judge at chambers, is illegal, if the warrant of
commitment is not preceded either by an affidavit showing the
facts constituting the contempt, or by a citation or notice to
show cause, as required by sections 1211 and 1212 of the Code
of Civil Procedure; and, in the absence of such affidavit and
citation, the prisoner must be discharged upon *habeas corpus.*

PETITION for a writ of *habeas corpus* in the Supreme Court
to determine the validity of an imprisonment of the petitioner
for contempt by order of the Superior Court of the City and
County of San Francisco.   James M. Trout, Judge.

The petitioner, Annie Kline Rickert, was the president of
the Stockton and Tuolumne Railroad Company, a corporation,
and Robert S. Clarke was its secretary.   In the case of Charles
Ericksen against that corporation, brought in the superior
court of the city and county of San Francisco, Robert S. Clarke
was summoned as a witness for the plaintiff, and was ordered
to produce in court all of the books of the corporation.   The
petitioner, as president of the corporation, instructed the wit-
ness not to obey the order, and refused to permit the produc-
tion of the books in court by the witness, and removed them
from the safe where they were kept.   Further facts are stated
in the opinion of the court.

J. J. Burt, and James A. Louttit, for Petitioner.

Gordon & Young, and E. B. Young, for Respondent.

The COURT.—This proceeding is akin to *Ex parte Clarke,*
*ante,* p. 235, this day decided; but the alleged contempt of
this petitioner, Mrs. Rickert, consisted in instructing Clarke
not to produce in court certain books which he had been ordered

to produce, and in doing certain other acts to prevent the production of said books. These acts were not done by the petitioner "in the immediate view and presence of the court, or judge at chambers," and the warrant of commitment was not preceded by an affidavit showing the facts constituting the contempt, or by a citation or notice to show cause, as required by sections 1211 and 1212 of the Code of Civil Procedure. For this reason the petitioner must be discharged from custody —independent of the views upon which Clarke himself was discharged.

The petitioner is discharged from the custody of the sheriff.